**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 12-4385**

─────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

DONNELL SYLVESTER PARKER,

          Defendant - Appellant.

─────────

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:11-cr-00047-JPB-DJJ-3)

─────────

Submitted:  November 30, 2012      Decided:  December 14, 2012

─────────

Before NIEMEYER, KING, and THACKER, Circuit Judges.

─────────

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

─────────

Nicholas J. Compton, Assistant Federal Public Defender, Kristen
M. Leddy, Research and Writing Specialist, Martinsburg, West
Virginia, for Appellant.  William J. Ihlenfeld, II, United
States Attorney, Erin K. Reisenweber, Assistant United States
Attorney, Martinsburg, West Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Donnell Sylvester Parker pled guilty to distribution of a quantity of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West 1999 & Supp. 2012). In the plea agreement, Parker agreed to waive all rights to appeal any sentence within the maximum possible penalty provided in the statute of conviction, as well as the manner in which any such sentence was determined. Parker now appeals. His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court committed clear error when it calculated the drug quantity attributable to Parker as relevant conduct. Parker was advised of his right to file a pro se supplemental brief, but he has not filed one. The Government has filed a motion to dismiss Parker's appeal based on the appellate waiver provision in Parker's plea agreement. We dismiss in part and affirm in part.

We review de novo a defendant's waiver of appellate rights. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted). To determine whether the waiver is knowing and

intelligent, we look "to the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted).

Our review of the record leads us to conclude that Parker knowingly and voluntarily waived the right to appeal his sentence and that the issue his counsel asserts in the Anders brief is within the scope of the waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal of Parker's sentence. The waiver provision, however, does not preclude our direct review of Parker's conviction pursuant to Anders. We have reviewed the entire record and have found no issues that are meritorious and outside the scope of the waiver. We therefore deny in part the Government's motion to dismiss and affirm Parker's conviction.

This court requires that counsel inform Parker, in writing, of his right to petition the Supreme Court of the United States for further review. If Parker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Parker. We dispense

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>